**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

MIAMI DIVISION
Case No.: ____–CIV–_____

GEOFFREY SCIMONE, NANCY SCIMONE, MARIO LOFARO, NANCY LOFARO, AGATINA VINCENZA MARFISI, MEGAN MAURI, ROBERT MAURI, VIRGINIA MEREU, CLAUDIA MORAY, THOMAS NG, IGOR NIKOLAENKO, ANGELA PANELLI, LUCIA PERRONE, LUCIANA PIARULLI, HUA JIN QIU, MASSIMO RICCARDI, PAOLO RONA, ANTONIO ROSELLI, MARTIRE ROSELLI, VICENZO ROSELLI, SILVIO ROSSI, GIUSEPPE ROTUNDO, EZIO RUFFINATTI, KIRA RYADNOVA, ANGELO FABIO SALLCE, FRANCESCA SCARAMUZZI, INGA SINENKO, VLADIMIR STRBAC, PATRICIA STROUD, ADOLF STUMBAUM, JOSEFA STUMBAUM, IVAN SVOEKOSHIN, PLCRANGELA TAVAZZA, CAMILA TRINCADO, FELIPE TRINCADO, HELIO TRINCADO, RICARDO TRINCADO, DANIJELA UNGER, P.U., YUEZHONG WANG, HAN S. YANG, MESA K. YANG, SARAH YANG, ELIZABETH YATES, JIMMY YATES, MARGARET YATES, ITU ZEITLER, and DANDAN ZHU

      Plaintiffs,

vs.

CARNIVAL CORPORATION, CARNIVAL CORPORATION & PLC, COSTA CRUISE LINES, INC., COSTA CROCIERE, S.P.A., JOHN DOEs, JOHN DOEs, INC.,

      Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(d), 1367, 1441(b), 1446, and 1453, and without waiving any rights, privileges, or defenses, or conceding that this is an appropriate or convenient forum for resolution of this action, Defendants Costa Crociere S.p.A., Carnival Corporation, and Costa Cruise Lines Inc., file this notice of removal and remove the above-captioned action. In support of this removal, Defendants state the following:

### BACKGROUND

1.      More than 100 hundred plaintiffs commenced simultaneous mirror image actions in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. *Scimone et al. v. Carnival Corporation et al.*, Case No. 12-26072CA02; *Abeid-Saba et al. v. Carnival Corporation et al.*, Case No. 12-26076CA30.[1] Plaintiffs are almost all foreign citizens who allegedly were passengers on the *Costa Concordia*, an Italian cruise ship owned and operated by Defendant Costa Crociere S.p.A. that ran aground off the coast of Giglio Island, Italy on January 13, 2012 ("Accident"). The allegations in the actions are identical, plaintiffs are represented by the same counsel, and they name the same defendants—Costa Crociere S.p.A. ("Costa Crociere"), Carnival Corporation ("Carnival"), Costa Cruise Lines Inc. ("CCL"), and Carnival Corporation & plc, although no such legal entity exists.[2]

2.      As explained below, plaintiffs lodged their actions in state court and, through a series of procedural machinations and their own artful pleading, seek to destroy federal court jurisdiction by dividing their claims among two civil actions. These efforts fail and the actions

---

[1] Copies of the Complaints are attached as Exhibits 1 and 2.
[2] To the extent plaintiffs contend, and the Court agrees, that they have served Carnival plc, it joins in this Notice of Removal.

are removable on two independent grounds.[3]  First, federal court jurisdiction exists under the "mass action" provision of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, amending 28 U.S.C. § 1332 *et seq*.  Second, federal courts also have exclusive jurisdiction over plaintiffs' actions because they raise substantial issues of federal common law relating to foreign relations.

**GROUNDS FOR REMOVAL**

**I.     The Class Action Fairness Act**

3.     This action is removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, amending 28 U.S.C. § 1332 *et seq*.  Enacted for the purpose of expanding the availability of diversity jurisdiction for class action lawsuits, CAFA amended the "procedures that apply to consideration of interstate class actions to assure fairer outcomes for class members and defendants."  Pub. L. 109-2, 119 Stat. 4.  To accomplish these goals, CAFA revised the requirements for establishing jurisdiction based on minimal diversity and created a new basis for removal of "mass actions."  *See* 28 U.S.C. §§ 1332(d), 1453.

4.     A "civil action" is removable under CAFA if it satisfies the following requirements:  (1) the amount in controversy exceeds the sum or value of $5,000,000 in the aggregate, exclusive of interest and costs; (2) minimal diversity exists in that at least some individual plaintiffs are of different citizenship than some defendants; and (3) the action is a proposed class action with at least 100 members.  28 U.S.C. § 1332(d).  CAFA further defines "class action" to include a "mass action," which is a civil action in which the "monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact" and where at least one plaintiff seeks more than

---

[3] Along with this Notice of Removal, Defendants are simultaneously removing *Abeid-Saba*.

$75,000. *Id*. § 133(d)(11)(B)(i). Actions that satisfy these criteria may be removed to federal court.[4] 28 U.S.C. § 1332(d)(11)(A). The requirements are all met here.

5. First, CAFA's amount-in-controversy requirements are satisfied. The aggregate amount in controversy exceeds $5,000,000 and the claims of at least one plaintiff exceed $75,000. 28 U.S.C. § 1332(d)(2), 1332(d)(11)(B)(i). There are 104 plaintiffs in *Scimone* and *Abeid-Saba* who seek a total of $204,000,000—well over the $5,000,000 threshold for aggregate claims. *Scimone* Compl. at 49; *Abeid-Saba* Compl. at 49. This equates to nearly $2,000,000 per plaintiff. Specifically, in *Scimone* the 48 plaintiffs seek "[e]conomic and compensatory damages in excess of $94 million dollars for the named plaintiffs." *Scimone* Compl. at 49 (emphasis in original). In *Abeid-Saba*, the 56 plaintiffs seek "[e]conomic and compensatory damages in excess of $110 million dollars for the named plaintiffs." *Abeid-Saba* Compl. at 49 (emphasis in original). Each complaint also states that plaintiffs will request leave to add a claim for punitive damages "in an amount of at least $590 million dollars." *Scimone* Compl. at 49; *Abeid-Saba* Compl. at 49. Accordingly, plaintiffs seek far more than the minimum amount-in-controversy required for federal court jurisdiction under CAFA.

6. Second, the parties meet the minimal diversity requirements for federal court jurisdiction under § 1332(d)(2). Minimal diversity exists when: "(A) any member of a class of plaintiffs is a citizen of a State different from any defendant; (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2). All three of the

---

[4] A mass action also must satisfy the requirements set forth in § 1332(d)(2)-(10) but those provisions largely preclude jurisdiction in cases that involve certain securities actions or where at least one third of the plaintiffs are residents of the forum state and do not apply to these actions.

alternative grounds for minimal diversity are present.  Plaintiffs in *Scimone* are 33 residents of foreign countries, 2 Florida residents, 4 New York residents, 2 Pennsylvania residents, 3 Louisiana residents, 3 Virginia residents, and 1 Texas resident.  *Scimone* Compl. ¶¶ 13-60.  Plaintiffs in *Abeid-Saba* are 51 citizens of foreign countries, 2 Florida residents, and 3 other U.S. citizens whose state residence is not alleged.  *Abeid-Saba* Compl. ¶¶ 13-68.  Among the Defendants, Costa Crociere is an Italian company with its principal place of business in Italy.  *Scimone* Compl. ¶ 5; *Abeid-Saba* Compl. ¶ 5.  Carnival Corporation is a Panamanian corporation with its principal place of business in Florida.  *Scimone* Compl. ¶ 2; *Abeid-Saba* Compl. ¶ 2.  CCL is a Florida company with its principal place of business in Florida.  *Scimone* Compl. ¶ 4; *Abeid-Saba* Compl. ¶ 4.  Carnival Corporation & plc is not a legal entity; rather, it is the name used by Carnival Corporation and Carnival plc, an English company with its principal place of business in England, which operate as a dual listed company.[5]  Thus, at least one plaintiff and one defendant are minimally diverse.

7.      Third, the 100-claimant numerosity requirement is met and plaintiffs' actions raise common questions of law and fact.  There are 104 plaintiffs who are represented by the same counsel and who seek the same damages related to the same incident based on the following identical causes of action:  maritime negligence, gross negligence, product defect, professional negligence, intentional failure to warn, intentional failure to abandon ship, intentional failure to notify authorities, corporate pattern and practice, intentional infliction of emotional distress, negligent retention, fraudulent misrepresentation, and fraudulent inducement.  *Abeid-Saba* Compl. ¶¶ 148-276; *Scimone* Compl. ¶¶ 140-267.  The factual and alter ego

---

[5] Plaintiffs moved to amend the *Scimone* and *Abeid-Saba* complaints to name as a defendant Joseph Farcus, Architect, P.A., who is a Florida resident, although they have not requested a summons for him or otherwise attempted to serve him with process.

5

allegations in the complaints are also the same as are the descriptions of defendants' knowledge of risks. *Abeid-Saba* Compl. ¶¶ 74-147; *Scimone* Compl. ¶¶ 69-139.  In fact, not a single allegation is specific to any individual plaintiff or his or her experience on the *Costa Concordia*.

8.   Moreover, it is of no moment that plaintiffs split their claims into two otherwise identical actions.  Congress enacted CAFA to restore the intent of the framers of the United States Constitution by providing for federal court consideration of interstate cases of national importance under diversity jurisdiction.  28 U.S.C. § 1711(b)(2).  Notably, Congress intended CAFA as a measure that would prevent "jurisdictional gamesmanship."  S. Rep. No. 109-14, at 35 (2005), reprinted in 2005 U.S.C.C.A.N. 3.  For this reason, federal courts look to the substance of the action, not the labels the parties attach, in order to determine whether CAFA jurisdiction exists.  Where necessary, courts pierce the pleadings to prevent plaintiffs from artificially structuring civil actions for the purpose of trying to destroy federal jurisdiction under CAFA.

9.   Yet that is exactly what plaintiffs have done here.  They have strategically and arbitrarily divided their otherwise identical civil actions in two for no purpose other than to avoid federal court jurisdiction.  Plaintiffs' lawsuits are identical in every material respect—the defendants are the same, the allegations are the same, the lawyers are the same, and the underlying alleged torts are the same.  CAFA precludes plaintiffs from arbitrarily dividing their claims in this fashion for no purpose other than to try to destroy federal court jurisdiction.

10.   The sequence of plaintiffs' repeated filings reinforces that the *Scimone* and *Abeid-Saba* complaints are removable as one "mass action."  Six plaintiffs initially filed suit against two of the same defendants here—Carnival Corporation and Costa Cruise Lines Inc.—less than two weeks after the Accident.  *See Scimone et al. v. Carnival Corporation et al.*, No. 12 - 3496

CA4 (Fla. Cir. Ct.).  Notably, in the ensuing weeks of advertising for additional clients in the United States and Italy, plaintiffs' counsel stated repeatedly that they planned to file a "mass tort" lawsuit "on behalf of *hundreds of victims*," that would be open to plaintiffs' of all nationalities.[6]

11.     Despite never having requested or served summons in the original *Scimone* complaint, plaintiffs voluntarily dismissed the lawsuit and then filed two new lawsuits on July 5, 2012.  *See Scimone et al. v. Carnival Corporation et al.*, No. 12-26072CA02; *Abeid-Saba et al. v. Carnival Corporation et al.*, No. 12-26076CA30.  The new *Scimone* complaint dropped 2 of the original 6 plaintiffs and added 40 new plaintiffs.  It also added Carnival Corporation & plc and Costa Crociere S.p.A as defendants and asserted claims against Joseph Farcus, Architect P.A., a Florida resident, for professional negligence in connection with the design of the *Costa Concordia*.  At the same time, and even though the allegations are identical to *Scimone*, *Abeid-Saba* was filed on behalf of 54 plaintiffs, including the 2 plaintiffs who were inexplicably dropped from the July 5 *Scimone* complaint.  Again, plaintiffs did not request or serve summons in either action.

12.     On July 13, 2012, plaintiffs amended both complaints.  This time they added 4 plaintiffs to *Scimone* and they also added 3 plaintiffs to, and removed 2 plaintiffs from, *Abeid-*

---

[6] Napoli Bern, Mass tort lawsuit to be filed in Miami, Florida against Costa Concordia and its parent company, Carnival Corp. on behalf of hundreds of victims of the Cruise Line Disaster (Jan. 25, 2012) (emphasis added), http://www.napolibern.com/Press-Center/Firm-News/2012/Concordia-Passengers-Sue-Costa.aspx.  Codacons, an Italian consumer law group that formed "an international collaboration" with plaintiffs' lawyers, *Scimone* Compl. ¶ 12 n.1; *Abeid-Saba* Compl. ¶ 12 n.1, continues to advertise an "international class action" and a "class action in Miami, Florida U.S.A." that "citizens of any nationality" may join without prejudice to filing "a subsequent class action in Italy."  CODACONS, Shipwreck "Costa Concordia" Codacons Launches International Class Action in Miami, Florida: Compensation of € 125.000 for Each Traveler (Jan. 23, 2012), http://www.codacons.it/articoli/shipwreck_ldquocosta_concordiardquo_codacons_launches_the_international_class_action_in_miami_florida_compensation_of_euro_12500000_for_each_traveler_242739.html.

*Saba*.  On August 27, 2012, plaintiffs served both amended complaints on Costa Crociere S.p.A. and Costa Cruise Lines Inc., and on September 6, 2012, they served the amended complaints on Carnival Corporation and attempted to serve Carnival Corporation & plc, even though it is not a legal entity.

13.     These complaints were unquestionably split in two for no purpose other than to evade federal jurisdiction under CAFA.  However, this avowed attempt to destroy jurisdiction is against the letter and spirit of the CAFA, which authorizes removal.

**II.     Federal Question Jurisdiction Exists**

14.     This action also is removable based on 28 U.S.C. § 1331 and the laws and treaties of the United States because they raise substantial questions of federal common law.  It has long been established that federal common law includes international disputes implicating relations with foreign nations.  Indeed, the area of foreign relations is governed exclusively by federal law—this reflects the need for uniformity in dealings with foreign nations and indicates a desire to give matters of international significance to the jurisdiction of federal courts.

15.     Federal court jurisdiction also exists in actions that have as a substantial element issues involving foreign policy matters and disputes involving private parties that implicate vital economic and sovereign interests of the nation where the dispute arose.  Such an action is removable because it implicates important foreign policy concerns.

16.     That is true of plaintiffs' action.  Indeed, this action raises substantial questions of federal common law implicating foreign policy concerns, the interpretation of international treaties, and the vital economic and sovereign interests of Italy.  Plaintiffs' allegations would require a state court to determine the validity of the sovereign acts of the Italian Republic and to set new and different standards for the design and operation of Italian-flagged vessels like the

*Costa Concordia*, for safety procedures and policies that apply to Italian companies like Costa Crociere, and for the training and certification of officers and crew on Italian-flagged vessels, from those imposed by Italy under Italian law and various international treaties.  In addition, this action implicates Italy's sovereign interests because it would second-guess multiple investigations into the Accident that are being conducted by the Italian Government.  This includes investigations Italy is conducting pursuant to international law because it is the flag state for the *Costa Concordia* and because the Accident occurred in Italian territorial waters, as well as criminal proceedings in which nine Italian citizens have been placed under formal investigation.  This action also involves foreign relations because plaintiffs are parties to international contracts with various limitations of liability and forum selection clauses.  Such clauses play a very significant role in the maintenance of international legal order and allow the courts of the United States to respect not only the rights and expressed preferences of nationals of other countries, but also the ability of other national jurisdictions to adjudicate disputes.  The application and enforcement of forum selection clauses and limitations of liability in plaintiffs' ticket contracts reinforces that these actions are entitled to a federal forum because they substantially affect the foreign relations of the United States.

### III.   PROCEDUREAL REQUIREMENTS FOR REMOVAL ARE MET

17.     Removal to this Court is proper because the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida is within the division and district in which this Court sits.  28 U.S.C. § 1446(a).  This notice of removal is timely, because it is filed within thirty (30) days from the date the last Defendant was served with process—September 6, 2012.[7] 28 U.S.C. § 1446(b).  Copies of all process, pleadings, and orders served upon Defendants are

---

[7] The notice of removal also is filed within thirty days of August 27, 2012, when the first Defendants were served with process.

filed with this notice of removal as Exhibit 3.  And, simultaneously with this filing Defendants are serving a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  28 U.S.C. § 1446(d).  A copy of the Notice of Filing Notice of Removal is attached as Exhibit 4.

## CONCLUSION

Pursuant to 28 U.S.C. § 1331 and § 1332(d), and the requirements set forth in 28 U.S.C. §§ 1441, 1446(b), and 1453, and the Local Rules of the United States District Court for the Southern District of Florida, Defendants remove this action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court.

Dated:  September 26, 2012

                                            *s/Alvin F. Lindsay*
                                            Alvin F. Lindsay
                                            Florida Bar No. 939056
                                            alvin.lindsay@hoganlovells.com
                                            HOGAN LOVELLS US LLP
                                            Mellon Financial Center
                                            1111 Brickell Avenue, Suite 1900
                                            Miami, Florida 33131
                                            Tel.: (305) 459-6633
                                            Fax:  (305) 459-6550
                                            COUNSEL FOR DEFENDANTS

OF COUNSEL:
Thad T. Dameris*
Bruce D. Oakley*
Trevor R. Jefferies*
thad.dameris@hoganlovells.com
bruce.oakley@hoganlovells.com
trevor.jefferies@hoganlovells.com
HOGAN LOVELLS US LLP
700 Louisiana Street, Suite 4300
Houston, Texas 77002
Tel.: (713) 632-1410
Fax: (713) 583-6297

David J. Weiner*
david.weiner@hoganlovells.com

Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
Phone: (202) 637-5617
Fax: (202) 637-5910

* Pending pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by certified mail, return receipt requested, on September 26, 2012, on all counsel or parties of record on the Service List below.

                                                                */s/ Thad T. Dameris*
                                                                Thad T. Dameris

## SERVICE LIST

Louis R. Caro
Napoli Bern Ripka Shkolnik & Associates, LLP
2665 South Bayshore Drive
Suite 220
Coconut Grove, Florida 33133
Tel.:  (786) 837-5442
Fax:  (305) 856-0322
Tel.:  (516) 361-4909
Fax:  (212) 857-0031
lcaro@napolibern.com

Allan Stanley Proner
Proner & Proner
60 E 42nd Street
New York, NY 10165
Tel.: (212) 986-3030
Fax:  (212) 953-2079
mproner@prolaw1.com